UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY HAARSMA,

        Plaintiff,

v.

ALLIED INTERSTATE, INC.,

        Defendant.
_____/

Case No. 1:09-cv-1148

HON. JANET T. NEFF

## CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Trial Date and Time<br><br>Place:    401 Ford Federal Building, 110 Michigan, NW<br>            Grand Rapids, MI 49503<br>Before:  Judge Janet T. Neff<br><br>**Counsel shall be present for an in-chambers conference one-half hour prior to the start of trial.** | MARCH 22, 2011<br>9:00 a.m. |
| Jury or Non Jury | Jury |
| Estimated Length of Trial | 2 days |
| Motions to Join Parties or Amend Pleadings | MARCH 15, 2010 |
| Rule 26(a)(1) Disclosures           Plaintiff:<br>                                                         Defendant: | MARCH 15, 2010<br>MARCH 15, 2010 |
| Disclose Name, Address, Area of Expertise and provide   Plaintiff:<br>a short summary of expected testimony            Defendant:<br>of all testifying experts (Rule 26(a)(2)(A)) | MAY 1, 2010<br>MAY 15, 2010 |
| Disclosure of Expert Witness Reports           Plaintiff:<br>(Rule 26(a)(2)(B))                                  Defendant:<br>                                              Rebuttal Reports: | MAY 15, 2010<br>MAY 30, 2010 |
| Voluntary Exchange of Documents              Plaintiff:<br>                                              Defendant: | MARCH 15, 2010<br>MARCH 15, 2010 |
| Completion of Discovery | AUGUST 1, 2010 |
| Pre-motion Conference Requests | AUGUST 15, 2010 |

| | |
|---|---|
| Motions in Limine | FEBRUARY 7, 2010 |
| Interrogatories will be limited to:<br>(Single Part Questions) | 25 single part questions |
| Depositions will be limited to:<br>(Fact Witnesses Per Party) | 10 per party |
| Requests for Admission will be limited to:<br>(Per Side) | 10 per side |
| Settlement Conference                    Date:<br>                                                      Time:<br>                                                      Before | JUNE 29, 2010<br>2:00 p.m.<br>Hon. Ellen S. Carmody |
| Final Pretrial Conference                Date:<br>Before Judge Janet T. Neff               Time:<br><br>**Counsel shall meet for an in-chambers conference one-half hour prior to the FPTC.** | FEBRUARY 28, 2011<br>4:30 p.m. |
| ADR To Take Place On Or Before: | None at this time |

1. TRIAL DATE AND SETTING: This case is scheduled for trial before the Honorable Janet T. Neff, 401 Ford Federal Building, 110 Michigan, NW, Grand Rapids, Michigan, as set forth above.[1] Counsel shall be present for an in-chambers conference one-half hour prior to the start of trial.

2. JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS: All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

3. DISCLOSURES AND EXCHANGES Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, production of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4. DISCOVERY: All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date. Discovery shall proceed regardless of the motions pending before this court. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. All depositions must be completed before the close of

---

[1] A copy of Judge Neff's Information and Guidelines is available on the Court's website (www.miwd.uscourts.gov ). Attorneys must comply with the *current* version of the Guidelines.

-2-

discovery. Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5. MOTIONS:

   A. Non-dispositive

   Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3. They will be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471 *et seq.*, it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. *See* W.D. Mich. LcivR 7.1(d).

   B. Dispositive

   1. Pre-Motion Conference

      A. **A pre-motion conference with the Court is required before filing any dispositive motion**, except no pre-motion conference is required before filing a post-trial motion, a bankruptcy appeal, or a dispositive motion in a case referred to a magistrate judge.

      B. To arrange a pre-motion conference, the movant shall file a Pre-Motion Conference Request, not to exceed three (3) pages, with a brief description of the grounds for such motion. Each party served with a Pre-Motion Conference Request must file a Response to Pre-Motion Conference Request within seven (7) days; the response shall not exceed three (3) pages. Opposition to requests for a pre-motion conference will not be considered.

      C. At the pre-motion conference, the Court will determine a briefing schedule. In cases in which the party desires to file a dispositive motion before filing its answer, the party shall simultaneously move for an extension of its time to answer at the time a pre-motion conference is requested

   2. Statements of Material Facts on Motion for Summary Judgment

    A.    Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Each paragraph must be followed by citation to the evidence. Failure to submit such a statement may constitute grounds for denial of the motion.

    B.    There shall be annexed to the response to the motion for summary judgment a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried. Each paragraph must be followed by citation to the evidence.

    C.    Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

3.    Filing of Dispositive Motion Papers

    A.    **No motion papers shall be filed until the motion has been fully briefed.**

    B.    The movant must serve each party on the briefing schedule due date with a hard copy of the motion, all supporting papers, and a cover letter stating whom the movant represents and which documents are attached. A copy of the proof of service <u>only</u> shall be filed.

    C.    Opposing parties must serve the movant on the briefing schedule due date with two copies of their response papers (one copy is for inclusion in the later submission to Chambers pursuant to Administrative Order 07-026). A copy of the proof of service <u>only</u> shall be filed.

    D.    Any further motion papers shall be served in the above manner on the due date. A copy of the proof of service <u>only</u> shall be filed.

    E.    **Each party is responsible for filing its motion papers via ECF on the day the motion is fully briefed, with the moving party first**

       **filing the motion. Once the moving party has filed the motion, response and reply documents may be electronically filed.** Pursuant to Administrative Order 07-026, upon filing of the motion, the movant shall also provide Chambers with a <u>full set</u> of courtesy copies of the motion papers together with a cover letter specifying each document in the package.

4. Dispositive motions must adhere to W.D. Mich. LcivR 7.2. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, then only those excerpts that are relevant to the motion shall be filed.

5. Oral argument may be requested pursuant to W.D. Mich LcivR 7.2(d). The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule. To request oral argument on a motion, state "ORAL ARGUMENT REQUESTED" in the caption and the heading of the brief.

6. In cases where oral argument is heard and counsel wishes to digitize exhibits for projection on the large screen in the courtroom, projection of exhibits is accomplished using the evidence cart in the courtroom. Scheduling the use of the evidence cart can be accomplished by sending an e-mail to courttech@miwd.uscourts.gov or by calling (616) 456-2523. Information concerning the features of the evidence cart is available at the court's website: www.miwd.uscourts.gov (Click on *Courtroom Technology* link). *Counsel is also advised to notify chambers - in advance of the motion hearing - of its intentions to use technology resources in the courtroom*.

    C.    Motions in limine must be filed by the date set forth in the table above.

6. <u>ALTERNATIVE DISPUTE RESOLUTION</u>: No form of ADR will be ordered at this time.

7. <u>SETTLEMENT CONFERENCE</u>: The parties are under an ongoing obligation to engage in good faith settlement negotiations. A settlement conference has been scheduled at the date and time set forth above. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference. Counsel attending the settlement conference must be accompanied by a representative of the party with full settlement authority, unless excused upon a showing of good cause. Any party may request the magistrate judge to conduct an earlier settlement conference.

8. <u>FINAL PRETRIAL CONFERENCE</u>: A final pretrial conference is scheduled at the date and time set forth above. Counsel shall be present for an in-chambers conference one-half hour prior to the scheduled final pretrial conference.

9.     PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: Unless directed otherwise by this Court, a proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) days** prior to the final pretrial conference in the following form:

> A final pretrial conference was held on the ___ day of _____. Appearing for the parties as counsel were:
>
> (List the counsel who will attend the pretrial conference.)

1. Exhibits: The following exhibits will be offered by the plaintiff and the defendant:

   (List jointly [JT EX ___] all exhibits, including demonstrative evidence and summaries of other evidence. Exhibits expected to be used solely for impeachment purposes need not be identified until trial. The exhibits shall be identified on a form similar to Exhibit 1, attached to Judge Neff's Information and Guidelines. The complete list of exhibits on a form similar to Exhibit 1 must be produced at the final pretrial conference. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Where the parties are unable to agree on the inclusion of an exhibit, plaintiff shall use numbers [1-99]; defendant shall use letters [A-Z]. Indicate with respect to each exhibit whether and for what reason its admissibility is objected to. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. *See* Fed. R. Civ. P. 26(a)(3).)

2. Uncontroverted Facts: The parties have agreed that the following may be accepted as established facts:

   (State in detail all uncontroverted facts.)

3. Controverted Facts and Unresolved Issues: The factual issues remaining to be determined and issues of law for the Court's determination are:

   (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. Witnesses:

   A. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

    (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

  B. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

    (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

  C. It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. <u>Depositions and Other Discovery Documents</u>:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

(Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7. <u>Form of Alternative Dispute Resolution</u>: The form of Alternative Dispute Resolution selected was _____.  The outcome was unsuccessful for the following reasons: _____.

8. <u>Prospects of Settlement</u>: The current status of settlement negotiations is:

(Indicate persons present during negotiations, progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance. Upon approval by the Court, with such additions, deletions, or modifications as are necessary, the Final Pretrial Order will be entered.

10. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>:

   A. Counsel shall be present one-half hour prior to the final pretrial conference for an in-chambers conference.

   B. At the final pretrial conference, the parties and the Court will formulate a plan for trial, including facilitating the admission of evidence; consider the prospects of settlement; and consider such other matters as may aid in the trial or other disposition of the action, including

   1. Jury Selection Procedure, and

   2. Jury Instructions.

   C. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects, or shall be accompanied by a representative of the party with such authority.

   D. At least **seven (7) days** prior to the final pretrial conference, counsel shall file:

   1. Trial briefs.

   2. A joint statement of the case and statement of the elements of the claims. Unless the case is very complex, the joint statement of the case should not exceed one paragraph. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The purpose of the joint statement of the case is to summarize the nature of the case. In a jury trial, the statement(s) of the case

    will be read to the prospective jurors during jury selection. The elements of the claims will be included in the preliminary jury instructions.

   3. Proposed voir dire questions. The Court will conduct voir dire, taking into account questions proposed by the attorneys that have been submitted for review before the final pretrial conference. Attorneys may be permitted limited additional voir dire. Counsel is advised to review the standard voir dire posed by the Court as stated in Attachment 2 of Judge Neff's Information and Guidelines for Civil Practice.

11. <u>PREPARATION FOR JURY TRIAL</u>:

  A. The parties shall <u>jointly</u> file the following not later than **seven (7) days** prior to the trial:

   1. Joint proposed jury instructions. Counsel shall submit **one joint** set of instructions. This Court uses Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions. A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov ).[2] The court generally uses O'Malley, Grenig & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set. **Counsel shall follow the instruction sheet on ECF for submission of the instructions.** Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection. Place each objection at the bottom of the specific instruction page.

   2. Joint proposed jury verdict form(s).

  B. The parties are required to submit a copy of the joint statement of the case and statement of the elements, joint proposed jury instructions, and joint proposed verdict forms(s) compatible with WordPerfect by e-mail to Judge Neff's Judicial Assistant, Chris Bockheim at chris_bockheim@miwd.uscourts.gov and Judge Neff's Case Manager, Susan A. Smith at susan_smith@miwd.uscourts.gov.

12. <u>JURY SELECTION</u>:

  A. Counsel shall be present for an in-chambers conference one-half hour prior to the start of jury selection.

---

  [2] The instructions are located within the Electronic Filing section. Both an E-Filing Login and a Password are necessary to access them. Once you have logged into the electronic filing section of the website, click Utilities, then select WDMI Attorney References, and then select Standard Civil Jury Instructions.

 B. The Court will seat a jury of 8 members, and all jurors shall participate in the verdict subject to Fed. R. Civ. P. 47(c) and 48.

 C. A jury will generally be selected as follows:

  1. The courtroom clerk will call 8 names for the jury panel, and such persons will be seated in the order they are called.

  2. The Court will conduct voir dire, taking into account questions proposed by the attorneys that have been submitted for review before the final pretrial conference. Attorneys may be permitted limited additional voir dire. The Court may sua sponte, in its discretion, excuse a juror for cause.

  3. Attorney challenges for cause will be heard at side bar. The Court will excuse any prospective juror for cause where appropriate, replace the excused juror, and the process will be repeated.

  4. When the Court has determined that none of the prospective jurors in the jury box should be dismissed for cause, the parties may exercise their peremptory challenges. *See* 28 U.S.C. § 1870. Peremptory challenges will be exercised in writing away from the jury, and the Court will then excuse all peremptorily-challenged jurors.

   A. In the first round of challenges, plaintiff's counsel will exercise its peremptory challenges first and defense counsel second.

   B. The challenged jurors will be replaced, and the process repeated in the same manner except defense counsel will exercise its peremptory challenges first during the second and all subsequent even-numbered rounds.

   C. The process repeats itself until there is a jury.

   D. In a case with multiple parties, the Court may allow additional peremptory challenges. *See* 28 U.S.C. § 1870.

Dated: February 11, 2010       /s/Janet T. Neff
                  JANET T. NEFF
                  UNITED STATES DISTRICT JUDGE